Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff* and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA CHENG, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>ALL WEB LEADS, INC., a Delaware Corporation, and JOHN DOES 1, an unknown business entity<br><br>                    Defendants. | Case No.: [Case No.]<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff JOANNA CHENG ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant ALL WEB LEADS, INC., and JOHN DOE 1 (together, "Defendants") to stop their illegal practice of making unauthorized calls with an artificial intelligence voice to the telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorney.

1

## NATURE OF THE ACTION

1. Defendants collect and sell consumer data to third party companies searching for customers. Defendants, placed thousands of calls deploying an artificial intelligence voice to cellular and residential phones in violation of federal and state consumer protection statutes.

2. In 2013, the FCC required prior express written consent from call recipients prior to deploying artificial or prerecorded voice message telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted) ("the FCC Letter").

3. Defendants did not obtain prior express written consent prior to deploying artificial or prerecorded voices against consumers.

4. Therefore, Defendants are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

6. To illustrate the scale of the problem facing the country, it is estimated that there were over 47 billion robocalls placed in 2018, and 29 billion in just the first half of 2019.

7. Accordingly, the TCPA targets unauthorized calls exactly like the one Defendants made to Plaintiff, based on use of technological equipment to spam consumers on a grand scale.

8. By placing the calls at issue, Defendants have violated the privacy and statutory rights of Plaintiff and the Class.

9. Plaintiff therefore seeks an injunction requiring Defendants to cease their unconsented automated calling, as well as an award of statutory and punitive damages to Plaintiff and the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

10. Plaintiff JOANNA CHENG is a natural person and is a citizen of the Northern District of California.

11. Defendant ALL WEB LEADS, INC. ("All Web Leads") is Delaware corporation number 4538333, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7300 Ranch Road, 2222, Building 2, Ste 100, Austin Texas, 78730-3233.

12. AWL's registered agent is Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 19801.

13. The true names and capacities of the Defendants sued herein as John Doe are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of John Doe when such identities become known.

14. Plaintiff does not yet know the identity of Defendants' employees/agents, identities as John Doe, who had personal participation in or personally authorized the conduct found to have violated the statute and were not merely tangentially involved. They are named tentatively as numerous District Courts have found that individual officers/principals of corporate entities may be personally liable

(jointly and severally) under the TCPA if they had direct, personal participation in or personally authorized the conduct found to have violated the statute and were not merely tangentially involved. Upon learning the identities of said individuals, Plaintiff will move to amend the complaint to name the individuals as defendants herein.

15. Plaintiff is informed and believes and thereon alleges that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes and thereon alleges that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## JURISDICTION AND VENUE

16. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

17. This Court has specific personal jurisdiction over Defendants because Defendants targeted consumers in California, including Plaintiff, a resident of San Mateo County, California. The events giving rise to this lawsuit substantially occurred in this District.

18. This Court has supplemental jurisdiction over all Plaintiff's California claims under 28 U.S.C § 1367(a) because they are so related to the TCPA claims in this action that arise under the Court's original jurisdiction that they form part of the same case or controversy under Article III.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendants regularly solicit and transact business with residents of this District, such as they did with Plaintiff, in

San Mateo County, California and because the wrongful conduct giving rise to this case substantially occurred in this District.

### INTRADISTRICT ASSIGNMENT

20. Pursuant to Civil L.R. 3-2(c), this case is properly assigned to the San Francisco / Oakland Division because a substantial part of the events or omissions that give rise to Plaintiffs' and Class members' claims occurred in the County of San Mateo, California.

### COMMON FACTUAL ALLEGATIONS

21. Defendants AWL and John Doe place calls using prerecorded or artificial voices to call and engage with consumers and then sells these contact leads to its customers.

22. Defendants amassed the names and phone numbers for thousands of consumers, from unknown sources, and then these placed artificial robocalls on a mass scale to generate sales for Defendant's contact leads services, who is compensated on a per-lead basis.

23. When the Class members answered their phones expecting to hear from a real person, Defendants pulled a bait and switch by using an artificial voice to attempt to trick people into speaking to a computer and obtain their consumer data for resale.

24. Defendants respected Class members' time and privacy so little that they did not even hire a real person to call them. Defendants hoped that if enough leads could be generated as a result of engagement with the artificial voice, it would justify the annoyance experienced by the recipients of the calls as the "cost of doing business."

25. However, Defendants failed to obtain consent from Plaintiff and the Class before the calls and therefore violated consumer protection statutes.

### FACTS SPECIFIC TO PLAINTIFF JOANNA CHENG

26. On July 6, 2020, Plaintiff received a call on her cell phone ending in 9347 from Defendants and/or their authorized sales agents.

27. The incoming call's caller ID displayed the phone number as 650-686-7416.

28. When Plaintiff answered the phone, Plaintiff heard an artificial or prerecorded voice talking. The voice was completely automated and asked Plaintiff a series of questions, including her birthdate. In order to track the robocall lead, Plaintiff provided a fake birthdate. The call ended with the voice informing Plaintiff that an authorized representative would be following up on the call.

29. Approximately one hour later, Plaintiff received a follow up telephone call from MPX from the telephone number 650-297-3294. The representative from MPX informed Plaintiff that it was following up on Plaintiff's "inquiry" and repeated the same fake birthdate that Plaintiff had given during the first call. Plaintiff then received an insurance quote from MPX via email.

30. Plaintiff's attorney sent a letter to MPX asking for the identity of the robocaller. MPX informed Plaintiff that it purchased Plaintiff's contact lead from AWL.

31. Plaintiff never consented to receive calls from AWL or MPX. Plaintiff had no relationship with AWL or MPX prior to this call and never requested that AWL or MPX contact her in any manner, let alone by artificial or prerecorded voice. AWL refused to disclose the identity of John Doe.

32. Defendants caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

## CLASS ALLEGATIONS

33. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class ("Class") and subclass ("Subclass") defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least one telephone call (3) on his or her cellular or residential telephone; (4) that was called and played an artificial or prerecorded voice message; (5) for the purpose of promoting Defendants' products or services.

    **CLRA Subclass**.  All residents of California who: (1) from the last 4 years to present (2) received at least one telephone call from Defendants on his or her phone; (3) for the purpose of promoting Defendants' products or services; (4) where Defendants did not first introduce the identity and address or phone number of the organization calling using a natural, non-prerecorded voice and obtain permission from the recipient to play the prerecorded message.

  34. The following people are excluded from the Class and the Subclass: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class and the Subclass; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

  35. **Numerosity**: The exact number of the Class and the Subclass members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Subclasses. Members of the Class and Subclass can be identified through Defendants' records.

  36. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class and Subclass, in that Plaintiff and the Class and Subclass members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

  37. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and the Subclass. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class and the Subclass. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and Subclass and is

subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class and Subclass. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and Subclass and have the financial resources to do so.

38. **Policies Generally Applicable to the Subclasses**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class and the Subclass as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and the Subclass members and making final injunctive relief appropriate with respect to the Class and the Subclass as a whole. Defendants' practices challenged herein apply to and affect the Class and the Subclass members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class and the Subclass as a whole, not on facts or law applicable only to Plaintiff.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class and the Subclass, and those questions predominate over any questions that may affect individual members of the Class and the Subclass. Common questions for the Class and the Subclass include, but are not necessarily limited to the following:

　　i.　Whether Defendants' conduct violated the TCPA;

　　ii.　Whether Defendants' conduct violated the TCPA *willingly* and/or *knowingly*;

　　iii.　Whether Defendants' conduct violated Cal. Civ. Code §1770(a)(22)(A);

　　iv.　Whether Defendants obtained express written consent from Plaintiff and the Class prior to playing the artificial or prerecorded voice messages;

　　v.　Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendants' conduct.

      vi.     Whether the calls introduced the name and phone number or address of its organization with a natural person's voice to obtain the Subclass member's consent prior to deploying an artificial or prerecorded message.

      vii.    Whether members of the Subclass are entitled to statutory and punitive damages.

40. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class and the Subclass will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class and the Subclass to obtain effective relief from Defendants' misconduct. Even if members of the Class and Subclass could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act
On behalf of Plaintiff and the TCPA Class Against all Defendants

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42. Defendants and their authorized sales agents, including John Doe 1, placed telephone calls to Plaintiff's and the Class members' residential and/or cellular telephones.

43. Defendants deployed an artificial or prerecorded voice message against Plaintiff and the Class as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

44. Defendants did not have express written consent prior to calling Plaintiff and the Class and deploying their prohibited messages.

45. The messages were aimed at soliciting sales for Defendants' leads service.

46. Defendants knew that customers were being solicited pursuant to robocalls.

47. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer actual damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

48. Defendants and/or its agent made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

49. If the court finds that Defendants *willfully* and/or *knowingly* violated this subsection, the court may exercise its discretion to increase damages up to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
Violation of Cal. Civ. Code §1770(a)(22)(A)
California Consumers Legal Remedies Act
(Against all Defendants on Behalf of Plaintiff and the Subclass)

50. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

51. Cal. Civ. Code §1750, et seq., California's Consumer Legal Remedies Act, prohibits a specific list of 27 unfair business practices.

52. Cal. Civ. Code §1770(a)(22)(A) prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, the address or the telephone number of the caller, and without first obtaining the consent of that person to listen to the prerecorded message."

53. Defendants violated Cal. Civ. Code §1770(a)(22)(A) by playing a prerecorded voice message to Plaintiff's and the Class members' phones without first asking for their express consent with a natural voice.

54. Defendants knew that customers were being solicited pursuant to artificial or prerecorded voice calls without consent.

55. Plaintiff received an artificial or prerecorded voice call from Defendants and/or their agents.

56. On February 8, 2021, Plaintiff's attorney sent notice and demand of the violation to Defendants' registered agent via Registered Mail with Return Receipt Requested. Plaintiff's attorney received the Green Return Receipt Stamped "FEB 16 2021 CT Corporation" and Defendants did not make any correction within the 30 (thirty) day statutory time period under Cal. Civ. Code § 1782.

57. Any consumer who suffers damage under this section may bring a class action on behalf of himself and all those similarly situated.

58. Plaintiff and the Subclass are entitled to injunctive relief and actual, statutory and punitive damages, costs and attorney's fees.

### THIRD CAUSE OF ACTION
Unfair and Unlawful Violations of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.
(Against all Defendants on Behalf of Plaintiff and the Class)

59. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

60. The unfair prong of California's Unfair Competition Law prohibits unfair business practices that either offend an established public policy or that are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

61.     The unlawful prong of California's Unfair Competition Law borrows violations of other laws.  Therefore, each of the violations of the TCPA and the CLRA constitute a separate violation of the unlawful prong.

62.     Defendants engaged in a pattern and practice of hiring unlicensed business entities such as John Doe 1 to make robocalls using an artificial and/or prerecorded voice to Plaintiff and the Class from fake phone numbers designed to trick Plaintiff and the Class into answering.  Defendants then attempted to shield themselves from liability by refusing to disclose any information about the unlicensed business entities.

63.     Defendants' business practices offends California's public policy preference for California citizens to be free from harassment by telemarketers calling without their consent, and for consumers to know the names and contact details of the companies who are soliciting them.

64.     This is a business practice that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

65.     The utility of Defendants' practice is very low (as the calls are outlawed) and is vastly outweighed by the serious gravity of harm in the incursion on Plaintiff's privacy in being tricked into answering.

66.     Plaintiff answered the phone based on Defendants unfair business practices and incurred actual and statutory damages.

67.     Plaintiffs is entitled to restitution or injunctive relief under this section.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff JOANNA CHENG, individually and on behalf of the Class and Subclass, prays for the following relief:

A. An order certifying the Subclass as defined above, appointing Plaintiff JOANNA CHENG as the representative of the classes and appointing Plaintiff's counsel as Counsel for the classes;

B. An order declaring that Defendants' actions, as set out above, violate Cal. Civ. Code §1770(a)(22)(A);

C. An order declaring that Defendants' actions, as set out above, violates the Unfair and Unlawful Prongs of Bus. & Prof. Code § 17200;

D. An injunction requiring Defendants to cease deploying artificial or prerecorded voice messages;

E. An award of statutory and punitive damages and penalties;

F. An award of reasonable attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5 and Cal. Civ. Code § 1780(e); and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 16, 2021

                                        Respectfully submitted,

                                        JOANNA CHENG, individually and on behalf of all others similarly situated,

                                        By:  /s/ Mark L. Javitch                .

                                        Mark L. Javitch (California SBN 323729)
                                        JAVITCH LAW OFFICE
                                        480 S. Ellsworth Ave.

San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff and the Putative Class*